IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

DEC 18 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:24-CR-252 |
| v. | The Hon. Rossie D. Alston, Jr. |
| DEVIN BURIES, | ████████ |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, DEVIN BURIES (hereinafter, "the defendant"), agree that at trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence that, beginning no later than on or about September 14, 2023, and continuing through November 15, 2023, within the Eastern District of Virginia, the defendant used a means or facility of interstate or foreign commerce to knowingly attempt to distribute at least one visual depiction of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(1) & (2), the production of which involved the use of a minor engaging in such conduct.

The United States and the defendant further agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.      In September 2023, during an undercover investigation into the Internet distribution and possession of child sexual abuse material, law enforcement identified a device sharing child sexual abuse material on the BitTorrent peer-to-peer file sharing network.  This device was assigned Internet Protocol (IP) address ████████73.  At the time, this IP address

1



was assigned to the defendant's residence in Falls Church, in the Commonwealth and Eastern District of Virginia. On November 15, 2023, federal law enforcement executed a federal search warrant at the defendant's Falls Church, Virginia address.

2. During that search, law enforcement encountered the defendant. He was advised of his *Miranda* rights, and he agreed to participate in a voluntary, audio-recorded interview. During this interview, the defendant admitted that the computer in the upstairs bedroom in which he slept was mostly used by him. He further stated that this computer was password protected and only he had the password, which he provided.

3. Law enforcement seized the desktop computer ("CMStorm") from the defendant's bedroom, which the defendant had built himself. It contained the following drives:

    a.    SSD1: Inland Professional 1TB SSD [S/N 20011710240696]

    b.    HDD1: Seagate 1TB HDD [S/N 9VP6GLA7]

    c.    HDD2: Seagate 2TB HDD [S/N W4Z42NPK]

    d.    HDD3: Toshiba 3TB HDD [S/N Z5USM4VKS]

    e.    NVMe1: Micron 4GB NVMe [S/N 2316E6CA2114]

    f.    NVMe2: Inland 1TB NVMe [S/N 20061110240172]

The HDD2 is a "Product of China." The HDD3 was "Made in China." The NVMe1 was "Assembled in Mexico." Law enforcement also seized the defendant's Apple iPhone 11 Pro [S/N F17D3E89N6XR], which was manufactured outside the Commonwealth of Virginia.

4. The FBI's Computer Analysis Response Team (CART) imaged and processed each of these hard drives. Each one had at least one visual depiction of child sexual abuse material. The defendant exclusively used and controlled the partitions in the computer on which the child sexual abuse material was found. Furthermore, the defendant had installed the

BitTorrent software program qBittorrent on the desktop computer. When initially installed, that program would have given the defendant a legal notice, which stated: "qBittorrent is a file sharing program. When you run a torrent, its data will be made available to others by means of upload. Any content you share is your sole responsibility." The defendant selected "I Agree." The defendant downloaded the version of qBittorrent found on his computer on September 14, 2023.

5.      The qBittorrent log on the desktop computer contained information about new torrents with names indicative of child sexual abuse material such as ███████████████████████ and █████████████████ which the defendant knowingly sought out and downloaded from the Internet. █████████████████ and ██████ are known series of child sexual abuse material.

6.      The material that the defendant downloaded from qBittorrent was "seeded," meaning that other individuals could also download that material from his computer. For example, the status of ███████████████████ showed that this torrent was active for 1 hour, 49 minutes, and seeded for 8 minutes. The ████████████████████████ file is similar to a zip file and anyone seeking to download it would have been forced to download all the files contained within it. The defendant knowingly saved the ████████████████████ on his computer. This folder contained over 250 sexually explicit images of minors. These images included one which depicts a prepubescent minor laying back on her elbows and her legs splayed to expose her genitals. The logo ████████████ is displayed in the upper right corner of the image.

7.      According to the log, on September 14, 2023, the defendant knowingly added a .torrent file with the name "████████████████████████" ████████████ also

known as ████████ is a well-known child pornography internet photo and video series originally based in Ukraine. The defendant saved the associated file on his computer. Contained within that folder were images of minors engaged in sexually explicit conduct. These images included the following:

    a.    An image titled ████████" which depicts a nude prepubescent female, based on the female's small frame and lack of breast development and pubic hair. The prepubescent female is laying on her side with her chest and vagina exposed, and her legs spread, further exposing her vagina. ████████ and ████████ are displayed in the upper right corner of the image.

    b.    An image titled ████████ which depicts a nude prepubescent female, based on the female's small frame and lack of breast development and pubic hair. with her chest and vagina exposed. The prepubescent female is laying on a bed with one leg bent, further exposing her vagina. '████████ and ████████ are displayed in the upper left corner of the image.

    8.    The defendant specifically saved the child sexual abuse material that he collected within an organized file structure, including in a folder called "Epic Games" within various "New Folder" folders. This collection included over 200 videos and over 19,000 images of child sexual abuse material, including 14 known series victims, as identified by the National Center for Missing and Exploited Children. These visual depictions included the following:

    a.    A video titled ████████ which depicts a nude prepubescent female, based on the female's small frame and lack of breast development and pubic hair. The video first depicts a prepubescent female sitting on a couch with her legs spread rubbing her vagina with her fingers. The prepubescent female appears to

have a pink plastic object inserted into her anus. The video later cuts to a scene with a prepubescent female laying across the lap of a nude adult male. The minor female appears to have a black object inserted into her anus. The video continues to cut to multiple other scenes depicting sexual acts involving minors to include one scene in which an adult male penis is penetrating the mouth of a prepubescent female. The subsequent scene depicts an adult male ejaculating on the face of the prepubescent female.

9.     This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

10.     The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Lindsey Halligan
United States Attorney & Special Attorney

Todd W. Blanche
Deputy Attorney General

Robert K. McBride
First Assistant United States Attorney

Date: 12/18/2025

By: _Laura Withers_____
    Laura D. Withers
    Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, DEVIN BURIES, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DEVIN BURIES

I am Devin Buries, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Cadenee Mertz
Attorney for DEVIN BURIES

6